NATALY MINKINA *vs.* LAURIE A. FRANKL & others.[1] September 21, 2010. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Nataly Minkina appeals from a denial by a single justice of this court, without a hearing, of her petition pursuant to G. L. c. 211, § 3, for relief from an order of a Superior Court judge. We affirm.

The underlying Superior Court action is a legal malpractice case commenced by Minkina against a law firm and two of its attorneys, who represented her in connection with an employment discrimination claim. During discovery in the legal malpractice case, the firm requested that Minkina produce her correspondence with other attorneys who represented her in the employment discrimination case. Asserting that such correspondence was protected by the attorney-client privilege, Minkina objected to the request and refused to produce the documents. The firm moved to compel production. A judge in the Superior Court allowed the motion on the ground that Minkina waived the privilege. Minkina's G. L. c. 211, § 3, petition followed.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Minkina to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court *or by other available means*" (emphasis added). Minkina argues that an ordinary appeal from a final judgment in this case, after disclosure of the allegedly privileged documents, would be inadequate to remedy the harm to her. However, her memorandum fails completely to acknowledge, let alone discuss, the existence and adequacy of another remedy: she could have sought interlocutory review pursuant to G. L. c. 231, § 118, first par., but she failed to do so. The single justice correctly recognized, and indeed explicitly stated in his memorandum and order, that this remedy forecloses the extraordinary relief Minkina seeks. "Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank,* 423 Mass. 1019, 1019-1020 (1996).

The single justice's decision denying relief is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Christopher Maffucci* for the plaintiff.