NATALY MINKINA *vs.* LAURIE A. FRANKL & others.[1] April 9, 2013. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Nataly Minkina, is the plaintiff in a civil action that is currently pending in the Superior Court. After a judge in that case denied two of her motions — for leave to amend her complaint, and for leave to supplement certain discovery responses — the petitioner sought interlocutory appellate review, first from a single justice of the Appeals Court under G. L. c. 231, § 118, first par., which was denied, and then from a single justice of this court under G. L. c. 211, § 3, which was also denied. She now appeals from the latter ruling. The case is before us on her memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

The petitioner claims that she was entitled to have the single justice employ the court's extraordinary power of general superintendence because the Superior Court judge's rulings were an abuse of discretion, and that she was entitled to have the rulings corrected by the single justice immediately because otherwise she would be required to incur the cost of a trial and appeal to vindicate her claims. This demonstrates a fundamental misunderstanding of the general superintendence power.[2] The court's superintendence power is not a substitute for the ordinary process of trial and appeal. *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995). *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986). The orders at issue here are eminently correctable on appeal after trial if they prove to be wrong. The petitioner's additional assertion that general superintendence relief was somehow required because the Superior Court orders were subject to the doctrine of present execution is also meritless; if she believed the orders were subject to present execution (a dubious proposition), she should have sought to appeal them to the Appeals Court as a matter of right on that basis, not file an extraordinary petition in this court. See *McMenimen* v. *Passatempo,* 452 Mass. 178, 185-187 (2008).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Christopher Maffucci* for the petitioner.

---

[1] Jonathan J. Margolis and Rodgers, Powers & Schwartz, LLP.

[2] This is the second time that this petitioner, represented by counsel, has improperly invoked the court's general superintendence power in this litigation. See *Minkina* v. *Frankl,* 458 Mass. 1003 (2010).