H.T. *vs.* COMMONWEALTH & another.[1] June 7, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Standing, Probation.

The victim of criminal offenses committed by Jamie Melendez appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3. Melendez pleaded guilty to four counts of statutory rape of a child in violation of G. L. c. 265, § 23. A judge in the Superior Court found that when Melendez was nineteen years of age and the victim

[1]Jamie Melendez.

fourteen, the two were in a relationship and engaged in sexual relations. There was no evidence of force or coercion, and Melendez was not charged with forcible rape of a child. The victim was underage and incapable of giving lawful consent. As a result of Melendez's crimes, the victim gave birth to his biological child. Melendez was sentenced to probation and ordered, as conditions thereof, to acknowledge paternity, to support the child financially,[2] and to abide by any orders of support issued by the Probate and Family Court. The victim argues that these conditions unlawfully bind her to an ongoing relationship with Melendez. She moved in the Superior Court to revise the conditions of Melendez's probation. In her G. L. c. 211, § 3, petition, she requested that the single justice (1) order the Superior Court judge to rule on that motion and (2) enjoin the Probate and Family Court from ruling on this matter.[3,4] The Superior Court judge thereafter denied the motion. The single justice denied all relief.[5] On appeal, she asks that we reverse the decisions of the single justice and the sentencing judge and enjoin the Probate and Family Court from "taking action inconsistent with its lawful authority."

The single justice did not err or abuse her discretion by denying relief. As to the Superior Court decision, the victim of a criminal offense has no judicially cognizable interest in the proceedings and lacks standing to challenge the sentence. See *McDonough, petitioner*, 457 Mass. 512, 518-519 (2010); *Hagen* v. *Commonwealth*, 437 Mass. 374, 379-380 (2002). See also *Carroll, petitioner*, 453 Mass. 1006 (2009), and cases cited (private citizen lacks judicially cognizable interest in prosecution or nonprosecution of another).[6] The victim nevertheless claims that she is entitled to relief because the conditions of probation bind her to an ongoing relationship with Melendez. Her claim is based on a misunderstanding of what the sentence requires. In fact, no visitation or other obligations were imposed on the victim as a result of the sentence. Indeed, Melendez is obligated to abide by any restraining order that might be issued for the victim's or the child's protection. As the Superior Court judge made clear when he ruled on the victim's motion to modify the sentence, the terms of any support, visitation, or restraining orders would be left to the Probate and Family Court. By making it a condition of probation that Melendez abide by any orders of the Probate and Family Court, the judge merely subjected Melendez to a further consequence — namely, a committed prison sentence — if he disobeys.

As to the Probate and Family Court proceedings, the victim can raise any claim of error, including any claim that the court exceeded its lawful authority, in the ordinary appellate process. It is well settled that this court's extraordinary power of general superintendence is to be used sparingly and

[2]The sentencing judge did not purport to issue a specific child support order, but expressly left that matter to the Probate and Family Court.

[3]The record indicates that an action for paternity and support, commenced by the victim, is pending in the Probate and Family Court.

[4]The victim also requested that Melendez be ordered, in lieu of ongoing child support, to pay restitution to her in a single payment. She appears to have abandoned this request on appeal.

[5]Once the Superior Court judge ruled on the victim's motion, the single justice and the parties treated the G. L. c. 211, § 3, petition as seeking relief from that ruling.

[6]Counsel for the victim also represented the petitioners in the *McDonough, Carroll*, and *Hagen* cases.

"is not a substitute for the normal process of trial and appeal." *Minkina* v. *Frankl*, 464 Mass. 1021 (2013), and cases cited.[7] Any attempt by Melendez to obtain visitation with the child is for the Probate and Family Court to decide in the first instance, subject to appellate review in the ordinary course. We express no view as to that at this time.

*Judgment affirmed.*

*Wendy J. Murphy* for the plaintiff.

*Larry R. Tipton*, Committee for Public Counsel Services, for Jamie Melendez.

---

[7]In his brief, Melendez has moved to strike certain material in the victim's brief and record appendix. We need not take action on that motion, as none of the challenged material affects the result in this matter. We caution the victim's counsel, however, that it is improper without permission to include material outside the record before the single justice.