NICHOLAS C. ADAMS *vs.* NANCY W. ADAMS. October 17, 2013. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Nicholas C. Adams (husband), appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.[1] We affirm.

In 2011, we considered the husband's appeal from a judgment of divorce from his wife, Nancy W. Adams. See *Adams* v. *Adams,* 459 Mass. 361 (2011). We vacated that part of the judgment that presently valued the husband's partnership interest in Wellington Management Company, LLP, and remanded the case for further proceedings "directed solely at valuing that interest" as consistent with our opinion. *Id.* at 394. In all other respects, we affirmed the divorce judgment. *Id.* The husband's current appeal stems from certain subsequent orders issued in the trial court that the husband claims violate our remand order.

After remand, the trial judge referred the case to a special master to determine the valuation issue. Among other things, the order stated that the special master would only hear from witnesses who had testified in the initial proceedings (either in the trial court or before the special master). The husband thereafter filed a petition with a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par., seeking relief from the order limiting witnesses because he wished to call a new expert witness. In essence, the husband argued that no basis existed to limit witnesses to those who had previously testified, and that nothing in our remand order required such a limitation. The Appeals Court single justice denied the petition. The husband later filed a second petition pursuant to G. L. c. 231, § 118, first par., seeking relief from a subsequent order of the trial judge denying his motion for an instruction to the special master to "not exceed or otherwise depart from the mandate of the SJC" and overruling his objection to a discovery order issued by the special master. This second petition was also denied. The husband then filed his G. L. c. 211, § 3, petition in the county court, where he continued to press the same arguments that he raised in his two petitions pursuant to G. L. c. 231, § 118, first par. — that he should be allowed to call a new expert witness and that the special master's orders, which the trial judge refused to alter, exceeded the mandate of our remand order.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision[s] cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The husband has not made, and cannot make, such a showing. The husband has already sought interlocutory review of the trial judge's rulings under G. L. c. 231, § 118, first par., and has been denied relief by single justices of the Appeals Court. He is not entitled to any additional review at this juncture. See *Iagatta* v. *Iagatta,* 448 Mass. 1016 (2007), and cases cited. There is no reason that the husband cannot adequately obtain review of the interlocutory orders in question in a direct appeal from any adverse judgment. The husband claims that such review would not be adequate because failing to review the claimed errors now will "seriously affect the efficient and effective administration of justice — potentially requiring an unnecessary trial, appeal and second remand,

---

[1]This case was impounded in the county court. To the extent necessary for this opinion, that order is lifted. See *Adams* v. *Adams,* 459 Mass. 361, 362 n.1 (2011).

followed by a third trial." The time it takes for an appeal (and any possible retrial) to proceed would be, however, as the single justice accurately observed, "part and parcel of the ordinary appellate process." See *Minkina* v. *Frankl,* 464 Mass. 1021 (2013) ("The court's superintendence power is not a substitute for the ordinary process of trial and appeal"). Neither this nor the other arguments raised by the husband are reasons for this court to exercise its extraordinary powers of superintendence pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Mark C. Fleming, Jonathan W. Andron, & Tasha Bahal* for the husband.