# United States Court of Appeals
## For the First Circuit

No. 17-1006

KEVEN A. MCKENNA,

Plaintiff, Appellant,

v.

DAVID CURTIN; LAURA A. PISATURO; JOHN SHEKARCHI; MARIA BUCCI; DAVID CAPRIO; RICHARD S. HUMPHREY; MATTHEW F. CALLAGHAN; FRANK CONNOR; ANTHONY F. AMALFETANO; JOHN MORAN; PAUL TAVARES; DANIEL EGAN; WILLIAM RAMPONE; PAUL A. SUTTELL; MAUREEN MCKENNA GOLDBERG; WILLIAM P. ROBINSON, III; FRANCIS X. FLAHERTY; GILBERT V. INDEGLIA; DEBRA SAUNDERS; WILLIAM SMITH; SCOTT R. JENSEN; MARC DESISTO,

Defendants, Appellees,

HELEN MCDONALD,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Landya B. McCafferty,* U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Keven A. McKenna on brief pro se.
Michael W. Field, Assistant Attorney General of Rhode Island,

---

* U.S. District Judge for the District of New Hampshire, sitting by designation.

and <u>Peter F. Kilmartin</u>, Attorney General of Rhode Island, on brief
for appellees.

August 25, 2017

**LYNCH**, **Circuit Judge**.   Keven A. McKenna was suspended from practicing law for one year by the Rhode Island Supreme Court. He subsequently filed this federal suit under 42 U.S.C. § 1983 against twenty-three judicial officers and administrators who had participated in his disciplinary proceedings, seeking, inter alia, reinstatement of his license and money damages.   McKenna alleged that by revoking his license, the defendants violated the principle of separation of powers under the Rhode Island Constitution, and infringed upon his First, Seventh, and Fourteenth Amendment rights under the U.S. Constitution.   The district court dismissed all of McKenna's claims, primarily on the grounds that the Rooker-Feldman doctrine bars this suit.   We affirm.

I.

In February 2015, the Rhode Island Supreme Court suspended Keven A. McKenna ("McKenna") from practicing law for one year, beginning on March 29, 2015.   The suspension arose from McKenna's handling of a workers' compensation claim that one of his former employees brought against him in 2009.[1]   At the time, McKenna was practicing law under the licensed entity, "Keven A. McKenna, P.C."   ("PC").   In re McKenna, 110 A.3d 1126, 1131 (R.I. 2015).   McKenna refused to make payments ordered by the Workers'

---

[1]      Because McKenna does not dispute the events underlying his suspension on appeal, we offer only a cursory summary of his conduct.   For a full chronicle, see the Rhode Island Supreme Court's order, In re McKenna, 110 A.3d 1126, 1131-35 (R.I. 2015).

Compensation Court. Instead, he attempted to -- in his own words -- "drag this on forever" by filing multiple motions to dismiss in Workers' Compensation Court. Id. at 1131-32.

When this tactic failed, McKenna filed a Chapter 11 bankruptcy petition on behalf of the PC and a petition for personal bankruptcy. Id. at 1133. During the pendency of the bankruptcy litigation, McKenna committed numerous ethical violations including (1) continuing to practice law under an unlicensed entity, "The Law Offices of Keven A. McKenna, LLC"; (2) making false statements in his bankruptcy filings; and (3) refusing to comply with a subpoena issued by Assistant Disciplinary Counsel Marc DeSisto ("DeSisto"). See id. at 1133-35.

In July 2011, the Rhode Island Supreme Court had appointed DeSisto to investigate McKenna's professional conduct. Upon the conclusion of DeSisto's investigation in November 2012, the Chief Disciplinary Counsel, David Curtin ("Curtin"), filed disciplinary charges against McKenna, alleging four counts:

> [1] [T]hat respondent violated Article V, Rules 3.3, 7.1, 7.5, and 8.4(c) of the Supreme Court Rules of Professional Conduct by engaging in the unauthorized practice of law as a limited liability entity in violation of this Court's order of February 23, 2011; [2] that respondent violated Rules 3.3 and 8.4(c) by failing to disclose his income to the United States Bankruptcy Court for the District of Rhode Island (Bankruptcy Court), misrepresenting his interest in a receivable to that court, and by engaging in conduct that amounted to a lack of candor, dishonesty, and

- 4 -

misrepresentation to the bankruptcy trustee; [3] that respondent violated Article V, Rule 1.19 of the Supreme Court Rules of Professional Conduct by failing to provide records requested by Assistant Disciplinary Counsel through a subpoena and by failing to keep records as mandated by Rule 1.19; and [4] that respondent violated Rule 3.3 and Article V, Rule 3.5(d) of the Supreme Court Rules of Professional Conduct by engaging in conduct during proceedings in the Workers' Compensation Court and Bankruptcy Court that demonstrated a lack of candor, as well as an attempt to disrupt those tribunals.

From February through October 2013, a three-member panel of the Disciplinary Board held eight hearings where McKenna presented witness testimony, his own testimony, and exhibits to contest these charges. Throughout the proceedings, McKenna sought to avoid the Board's review by alleging multiple constitutional violations. The panel dismissed all of McKenna's motions and ultimately found that there was clear and convincing evidence that McKenna had violated the Rhode Island Supreme Court Rules of Professional Conduct on all four counts. On May 13, 2014, the full Disciplinary Board adopted the panel's recommendation to suspend McKenna's license for one year and forwarded the matter to the Rhode Island Supreme Court, pursuant to Article III, Rule 6(d) of the Rhode Island Supreme Court Rules for Disciplinary Procedure.

The Rhode Island Supreme Court ordered McKenna to appear on June 11, 2014 to show cause as to why his license should not be revoked. After listening to presentations by both McKenna and

Curtin, as well as reviewing the entire record, the Rhode Island Supreme Court issued a twenty-page order adopting the Disciplinary Board's recommendation and rejecting McKenna's constitutional challenges. See In re McKenna, 110 A.3d 1126. The court further directed McKenna to reapply for reinstatement at the conclusion of his one-year period of suspension.[2]

On March 7, 2016, over a year after the suspension order was issued, McKenna brought suit in federal court under 42 U.S.C. § 1983 against twenty-three judicial officers and administrators of the Rhode Island court system -- in their personal capacities -- who had participated in his disciplinary proceedings.[3] McKenna alleged that the defendants violated provisions of the Rhode Island Constitution, as well as his rights under the First, Seventh, and Fourteenth Amendments of the U.S. Constitution, by charging him with ethical violations and by suspending his license. He sought, inter alia, a judgment voiding certain Rhode Island Professional

---

[2] McKenna did apply for reinstatement on March 23, 2016 (after filing this suit). However, the Rhode Island Supreme Court denied his application on the grounds that he had not fulfilled all of the requirements for reinstatement. See In re McKenna, 140 A.3d 158, 158 (R.I. 2016).

[3] After the defendants filed their motion to dismiss, McKenna voluntarily dismissed five counts of his original complaint. As a result, only nineteen defendants remain on appeal: five Rhode Island Supreme Court justices, twelve Disciplinary Board members, Curtin, and DeSisto.

Conduct rules, an injunction to reinstate his license, money damages, and attorney's fees.

The district court granted the defendants' motion to dismiss all claims, primarily on the grounds that the Rooker-Feldman doctrine divested the court of subject-matter jurisdiction to hear the case. See McKenna v. Curtin, No. 16-cv-108-LM, 2016 WL 7015699, at *8 (D.R.I. Dec. 1, 2016). In the alternative, the district court concluded that res judicata and judicial immunity also precluded suit. Id. at *9, *11.

Proceeding pro se, McKenna now contends that the district court erred in dismissing his claims. He argues, as he did in the district court, that (1) the Rhode Island judiciary violated separation of powers under the Rhode Island Constitution, and (2) the disciplinary proceedings infringed his federal constitutional rights.[4]

II.

We review the dismissal of McKenna's claims de novo and may affirm on any independently sufficient ground. See Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 5 (1st Cir. 2004). The

---

[4] On appeal, McKenna makes a glancing reference to the alleged First, Seventh, and Fourteenth Amendment violations, but does not develop his arguments, so they are waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

district court correctly held that McKenna's suit is barred by the Rooker-Feldman doctrine.  As such, we need not reach the merits of McKenna's constitutional claim.

The Rooker-Feldman doctrine, which is derived from two U.S. Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), prevents "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments."  Lance v. Dennis, 546 U.S. 459, 463 (2006); see also Badillo-Santiago, 378 F.3d at 6.  We have held that the Rooker-Feldman doctrine only applies "in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 23-24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

These prerequisites are satisfied here.  McKenna is a state-court loser who filed suit in federal court one year after the Rhode Island Supreme Court issued its suspension order. Throughout his complaint, McKenna repeatedly alleges that his suspension infringed "[his] liberty interests, his property interests, his freedom of speech interests, and his due process interests under the U.S. Constitution." And under multiple counts,

- 8 -

McKenna demands "a stay of his unlawful suspension," by way of relief. Because McKenna (1) complains of a personal injury arising from the Rhode Island Supreme Court's suspension order, and (2) asks the district court to countermand that order, his suit is precisely the "functional equivalent of an appeal" that the Rooker-Feldman doctrine forbids. Badillo-Santiago, 378 F.3d at 6.

Although McKenna attempts to clear this jurisdictional hurdle by reframing his case as a "public law" challenge, he is felled by his own complaint. McKenna's bald assertions that the Rules of Professional Conduct are "unconstitutional," and that the defendants lacked "authority" to discipline him, are insufficient to raise a facial challenge when all of the allegations in his complaint concern the constitutionality of the rules as applied to him. As such, adjudicating the separation of powers issue McKenna raises would necessarily require reviewing the merits of the Rhode Island Supreme Court's decision, thus violating the Rooker-Feldman doctrine.

McKenna's only rejoinder -- that the Rooker-Feldman doctrine does not apply here because his suspension hearings did not constitute a judicial proceeding -- is plainly contradicted by Feldman itself. There, the U.S. Supreme Court held that proceedings in the District of Columbia Court of Appeals surrounding Feldman's petition to be admitted to the District's bar, without sitting for the exam, was judicial in nature. See

Feldman, 460 U.S. at 479. Faced with similar facts to this case, the Court noted that:

> [The proceedings] required the District of Columbia Court of Appeals to determine in light of existing law and in light of Feldman's qualifications and arguments whether Feldman's petition should be granted. The court also had before it legal arguments against the validity of the rule. When it issued a per curiam order denying Feldman's petition, it determined as a legal matter, that Feldman was not entitled to be admitted to the bar without examination or to sit for the bar examination. The court had adjudicated Feldman's "claim of a present right to admission to the bar," and rejected it. <u>This is the essence of a judicial proceeding.</u>

Id. at 480-81 (emphasis added) (citation omitted).

The Rhode Island Supreme Court's disciplinary hearings contained the same "essence of a judicial proceeding." Id. at 481. The court had to determine in light of existing law and the evidence on the record whether it should adopt the Disciplinary Board's recommendation to suspend McKenna for one year. The court also had before it McKenna's constitutional challenges to the proceedings, as well as his various motions to stay and to recuse members of the court. When the Rhode Island Supreme Court issued its twenty-page order suspending McKenna, it adjudicated his constitutional claims, and "determined as a legal matter" that McKenna failed to show cause. Id. at 480. The suspension order thus falls squarely within the definition of a final state-court

- 10 -

judgment that is insulated from federal district court review by the Rooker-Feldman doctrine.

Application of the Rooker-Feldman doctrine is particularly appropriate here because McKenna's separation of powers claim is based on an interpretation of the Rhode Island Constitution. And in this case, the Rhode Island Supreme Court -- the ultimate arbiter of the meaning of that constitution -- itself expressly dismissed McKenna's constitutional challenge. See In re McKenna, 110 A.3d at 1137-41.

### III.

The district correctly held that McKenna's suit is barred by the Rooker-Feldman doctrine. Accordingly, we affirm the dismissal of McKenna's claims.