NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12407


     NATALY MINKINA  vs.  RODGERS, POWERS & SCHWARTZ, LLP.



                    January 16, 2018.



     Supreme Judicial Court, Superintendence of inferior courts.


     The petitioner, Nataly Minkina, appeals from a judgment of
a single justice of this court denying her petition pursuant to
G. L. c. 211, § 3.  We affirm.

     Minkina is the defendant in a civil lawsuit commenced in
the Superior Court in Norfolk County by the respondent, Rodgers,
Powers & Schwartz, LLP, to collect on a judgment issued by the
Superior Court in Suffolk County pursuant to G. L. c. 231, § 6F.
In her G. L. c. 211, § 3, petition, Minkina sought review of
several interlocutory trial court orders, including an order
denying her motion to recuse and an order allowing a motion for
expenses filed by Rodgers, Powers & Schwartz, LLP (related to
its efforts to compel Minkina to produce discovery).  The single
justice denied the petition without a hearing.

     The case is now before us pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), which requires a showing that
"review of the trial court decision cannot adequately be
obtained on appeal from any final adverse judgment in the trial
court or by other available means."  S.J.C. Rule 2:21 (2).
Minkina has not made, and cannot make, such a showing.  She has
already sought interlocutory review of the trial court rulings
in question under G. L. c. 231, § 118, first par., and has been
denied relief by a single justice of the Appeals Court.  She is
not entitled as of right to additional review at this stage.
See Iagatta v. Iagatta, 448 Mass. 1016, 1017 (2007); Greco
v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review
under G. L. c. 211, § 3, does not lie where review under c. 231,

§ 118, would suffice").[1]  Moreover, she can adequately raise her claims, and get the appropriate relief if warranted, on appeal from any adverse final judgment in the trial court.  The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

This is the third time that Minkina has improperly sought relief in this court pursuant to G. L. c. 211, § 3.  See Minkina v. Frankl, 464 Mass. 1021 (2013); Minkina v. Frankl, 458 Mass. 1003 (2010).[2]  We made clear in those earlier decisions that relief pursuant to G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief."  Sabree v. Commonwealth, 432 Mass. 1003, 1003 (2000).  Given her repeated petitions seeking relief in circumstances where she plainly has an adequate alternative remedy, we now place her on notice that any subsequent attempt to seek relief from this court pursuant to G. L. c. 211, § 3, that suffers from like deficiencies may result in action by the court, including restriction of future filings.  See Watson v. Walker, 455 Mass. 1004, 1005 (2009).[3]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Nataly Minkina, pro se.

---

[1] Minkina's petition pursuant to G. L. c. 211, § 3, after a single justice of the Appeals Court had already denied her petition pursuant to G. L. c. 231, § 118, first par., was in its essence a second attempt to obtain review of the challenged interlocutory rulings of the trial court.

[2] In the previous two matters Minkina was represented by counsel; she is now appearing pro se.

[3] Minkina's request for oral argument is denied.  See S.J.C. Rule 2:21 (4), as amended, 434 Mass. 1301 (2001).