NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-772

SHEILA MARY CUMMINGS

vs.

THEODORE WILLIAM MACRI, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Theodore William Macri, Jr. (husband), the former spouse of

Sheila Mary Cummings (wife), appeals from a modification

judgment of the Probate and Family Court which, among other

things, requires the husband to reimburse the wife for a portion

of the parties' son's college expenses, pay the wife a certain

amount in child support arrearages,[1] transfer funds held in a

Uniform Transfer to Minors Act account (UTMA account) directly

---

[1] The total amount due the wife was $21,665.  This amount represented the net "child support arrearage due to [the wife] from February 1, 2018, through June 8, 2018 ($6,804) and [the husband's] required contribution to [the son's] sophomore and junior years at [college] ($31,934), reduced by [the husband's] overpayment of weekly child support during the period of January 1, 2021 through March 3, 2022 ($17,073)."

to the college at which the son was enrolled to cover the expenses of the son's senior year, and to contribute $10,000 toward the wife's attorney's fees.  We conclude, and the husband concedes, that so much of the modification judgment that required the husband to transfer money from the UTMA account is moot.[2]  We further conclude that the judge did not err or otherwise abuse his discretion in connection with the remainder of the modification judgment and, therefore, we affirm in all other respects.

Background.[3]  The parties have been engaged in nearly continuous litigation since 2008 when the wife commenced divorce proceedings in Hong Kong.  We summarize only so much of the extensive procedural history and factual background as is necessary to provide context for our discussion on the issues presented on appeal.  The parties were married in 1998, and had one child, a son, who was born in 2002.  In 2008, they were living in Hong Kong where the husband was employed in a lucrative position with Deutsche Bank.  The parties eventually

---

[2] The husband conceded the point during oral argument. Given that concession, and our conclusion that the issue is moot, we do not consider whether the judge had the authority to order the husband to transfer the funds or whether such an order was an abuse of discretion.

[3] We draw the facts from the judge's findings and prior decisions of this court.

moved to Massachusetts where divorce proceedings continued. Following a four-day trial, which concluded in September 2012, a judge of the Probate and Family Court (divorce judge) issued a judgment of divorce on December 31, 2013. In relevant part, the divorce judge awarded sixty percent of the marital assets to the husband and forty percent to the wife and ordered the husband to make certain spousal and child support payments, including full payment of the son's private high school tuition. The disparate division of assets was due, in part, to the order requiring the husband to cover the tuition.[4] The husband appealed, and while most of the amended judgment was affirmed by a different panel of this court in an unpublished memorandum of decision and order, see Macri v. Macri, 89 Mass. App. Ct. 1115 (2016), the panel vacated the portion of the judgment which concerned the spousal support and remanded. A trial after remand on that issue, and on additional issues raised by the wife in a new counterclaim, was held before the divorce judge, who issued a remand judgment on January 12, 2018. The husband appealed again, and the remand judgment was affirmed by this court in Macri v. Macri, 96 Mass. App. Ct. 362 (2019).

---

[4] The judgment subsequently was amended; however, the amendment has no bearing on this appeal.

Meanwhile, as the husband's appeal of the remand judgment was pending, the wife filed a complaint for modification seeking a continuation of the husband's child support obligations. The husband filed a counterclaim primarily seeking a reallocation of his payment toward the son's high school tuition. Thereafter, when the remand judgment was affirmed in November 2019, the wife amended her modification complaint and requested that the husband contribute to the son's college expenses.

The parties then engaged in lengthy settlement negotiations, which were not successful. Trial on the complaint for modification and counterclaim commenced before a different judge of the Probate and Family court (the modification judge) on March 3, 2022.[5]

In a thorough and comprehensive decision, the modification judge ordered the husband to reimburse the wife for a portion of the college expenses incurred during the son's sophomore and junior years. In reaching his conclusion, the modification judge rejected the husband's claim that he was entitled to a retroactive credit for the amounts he had paid toward the son's high school tuition. The judge found that because the husband's payment of the high school tuition was accounted for in the

---

[5] The COVID-19 pandemic delayed the proceedings in this matter several times. The three days of trial were held on March 3, 2022, October 14, 2022, and August 23, 2023.

4

division of the marital estate, it was not subject to reallocation. Further, the husband's earning capacity and attribution of income as it was established by the remand judgment was affirmed on appeal. The judge also found that the husband failed to meet his burden to establish a material change of circumstances that would warrant the retroactive modification of his obligation to pay the tuition and that such a modification would be inequitable and not in the best interest of the child. Significantly, as to child support, the judge concluded that a reduction was warranted. The judge found that the husband did not engage in a diligent job search until the end of December 2020 but thereafter did so. The judge then relied on the husband's actual income to calculate his support obligation from January 2021 through March 2022.[6] The judge also ordered the husband to contribute $10,000 toward the wife's attorney's fees due to what the judge described as the husband's "dilatory" conduct during the settlement negotiations.

Discussion. As an initial matter, the wife asserts that the husband's appeal should be dismissed because his brief does

---

[6] As previously observed in note 1, supra, the modification judge found that the husband had overpaid $17,073, which was offset by an arrearage amount of $6,804. In addition, the husband's obligation to pay for the son's health insurance costs and to maintain and pay for a life insurance policy for the son's benefit was terminated.

not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  While we agree that the brief falls short of what is required under the rules and our case law, see Adams v. Adams, 459 Mass. 361, 392 (2011), S.C., 466 Mass. 1015 (2013), we exercise our discretion and address the issues.[7]

1.  <u>Retroactive credit for high school tuition and order to contribute to college expenses</u>.  The husband argues that the judge should have offset the amount he was required to pay toward college expenses with a retroactive credit stemming from his payment of the son's private high school tuition.  While it is true that the husband paid most if not all of the son's high school tuition, our analysis reveals no abuse of discretion.  As the judge explained, the husband's obligation to pay for high school tuition was ordered in the divorce judgment and was reflected in the division of property.  "While alimony is modifiable on the showing of a material change in circumstances

---

[7] For example, many of the citations to the record contained within the husband's brief are incorrect.  At one point, the husband claims that the modification judge "failed to address further retroactive relief for consideration of the [husband's] contribution to college expenses based upon his substantial private education costs he solely paid," but the modification judge did address that issue.  At another point, the husband asserts that he "depleted his assets" while the wife's assets increased, but the citation to the record on which he relies for this assertion does not support this claim.

. . . property settlements are not." Heins v. Ledis, 422 Mass. 477, 483 (1996), citing G. L. c. 208, § 37. As the judge further noted, the division of property and the husband's responsibility to pay for high school tuition were upheld on appeal and, in any event, the husband failed to show a material change of circumstances or that he did not have the ability to pay the tuition. Given these circumstances, we discern no abuse of discretion.

The husband also argues that he should not be required to pay college expenses because he was excluded from the son's college decision process and did not explicitly consent to the son's final selection. This argument is belied by the record, which demonstrates that the husband's sister, an education counselor, assisted the son during the college application process and that both parents were informed of the schools to which he applied. See generally Mandel v. Mandel, 74 Mass. App. Ct. 348, 355 (2009) (noting that party who does not seek relief from court until college selection process has been completed "may have waived his or her right to object to the college and its concomitant cost"). In light of these circumstances, even if the husband was not as involved as he would have liked, we

are not persuaded that he was sidelined to the extent that it was inappropriate for him to contribute to the cost of college.[8]

2. Award of attorney's fees to wife. We review an award of attorney's fees for abuse of discretion. See Trethewey v. Trethewey, 104 Mass. App. Ct. 114, 121 (2024). The judge has considerable discretion in awarding attorney's fees and "[s]uch an award is 'presumed to be right and ordinarily ought not to be disturbed.'" Murphy v. Murphy, 82 Mass. App. Ct. 186, 195 (2012), quoting Moriarty v. Stone, 41 Mass. App. Ct. 151, 159 (1996). The husband argues that the judge abused his discretion because he did not explicitly address whether the husband had the income or resources to pay the fees. However, where, as here, the judge was "personally familiar . . . with the station of the parties," he could properly rely on this knowledge in making his decision without further inquiry. Brash v. Brash, 407 Mass. 101, 106 (1990) (award of attorney's fees upheld when judge had personal awareness of parties' relative socioeconomic status). In addition, we are not persuaded that the amount was unreasonable or that the judge, having presided over the trial, ignored the conduct of the wife's counsel. In fact, the judge

---

[8] Although the husband does not contest the reasonableness of the costs assessed to him, he does argue the judge failed to consider the requisite factors as set forth in Mandel, 74 Mass. App. Ct. at 355. We disagree; the judge did so.

explicitly took into account that the wife filed the initial complaint for modification and, as a result, did not award the wife her full amount of fees incurred during the three day trial and posttrial submissions.

3. Appellate attorney's fees and costs. As discussed earlier, we agree with the wife that the husband's brief does not rise to the level of an appellate argument and conclude that an award of attorney's fees and costs is warranted in these circumstances. The wife may file a petition for fees and costs, together with supporting materials, within fourteen days of the date of issuance of this memorandum and order. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004). The husband shall have

fourteen days thereafter to respond.  See id.

> The appeal from so much of the modification judgment entered on January 30, 2024 that required the husband to transfer money from the UTMA account is dismissed, not on the merits but because it has become moot. In all other respects, the modification judgment is affirmed.

> By the Court (Vuono, Massing & Allen, JJ.[9]),

> *Paul Little*

> Clerk

Entered:  November 24, 2025.

---

[9] The panelists are listed in order of seniority.