NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1321

ESRA ALEYNA KURUCA

vs.

QASSIM M. DARAWSHEH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Esra Aleyna Kuruca (wife) appeals from a corrected judgment of divorce nisi entered by a judge of the Probate and Family Court granting, inter alia, Qassim M. Darawsheh (husband) sole legal and primary physical custody of the parties' minor children, obligating the wife to pay the husband $111 weekly in child support, and dividing the marital property.  We affirm.

The parties were married in November 2010 and have two children together.  Between March and May 2022, the wife filed, and subsequently amended, a complaint for divorce, alleging cruel and abusive treatment, or, in the alternative, irretrievable breakdown of the marriage.  In March 2024, the judge held a two-day trial on the merits and issued a judgment

of divorce nisi on June 12, 2024, followed by a corrected judgment on June 20, 2024.  The judge also issued comprehensive findings of fact.

Our review is severely limited by the wife's failure to identify specific claims of error underlying the judgment, and to provide reasoned appellate argument supported by citations to either the record or relevant legal authority.  First, the basis for the wife's appeal is unclear, and the legal reasoning, if any, difficult to discern.[1]  The wife does not provide coherent legal arguments or factual detail as to why the trial judge erred, cite to controlling authority, or otherwise address the judge's rulings in any meaningful way, thereby failing to comply with the Massachusetts Rules of Appellate Procedure.  See S.S. v. S.S., 104 Mass. App. Ct. 633, 639 n.5 (2024) ("Several of the husband's individual arguments are unsupported by adequate discussion, citation to authority, the record, or citation thereto, so we need not address them").  See also Adams v. Adams, 459 Mass. 361, 392 (2011), S.C., 466 Mass. 1015 (2013); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993)

_____

[1] In her brief, the wife argues that the judge had "escalated" the case and that the husband had caused the judge to make rulings that were "unneutral" and "discriminating."  We note that there is nothing in the judgment, submitted by the husband, that indicates the trial judge held any bias or discriminatory intent toward the wife.  Both parties were represented by counsel at trial.

2

(briefs that include general "bald assertions of error" devoid of legal arguments do not "rise to the level of appellate argument").  The rule requires that the brief filed by the appellant (here, the wife) must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."  Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).  Rule 16 (a) (9) "is more than a mere technicality.  It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995).  Here, because the wife failed to allege with any specification how the court erred and did not articulate a clear issue on appeal, her submissions

"provide an insufficient basis for this court reasonably to consider [her] claims."  Kellogg, supra.

Corrected judgment of divorce
  nisi affirmed.

By the Court (Grant,
  Brennan & Smyth, JJ.[2]),

Clerk

Entered:  December 5, 2025.

---

[2] The panelists are listed in order of seniority.