FRANK A. GRECO *vs.* PLYMOUTH SAVINGS BANK. November 20, 1996. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Report, Interlocutory appeal, Attachment.

The respondent in this action, Plymouth Savings Bank, obtained a judgment in 1993 against the petitioner, Frank Greco, in a civil action in the Boston Municipal Court Department. The bank then commenced an action in the Cambridge Division of the District Court Department in 1994 seeking to collect that judgment. Greco removed the District Court action to the Superior Court for Middlesex County. A judge in the Superior Court subsequently allowed the bank's motion for a real estate attachment.

Greco next filed a petition in the county court in 1995, pursuant to G. L. c. 211, § 3 (1994 ed.), seeking relief from both the judgment of the Boston Municipal Court and the Superior Court's order granting an attachment in the collection action. A single justice of this court denied Greco's petition, and Greco appeals.

Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief. *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). *Brown* v. *Chicopee Fire Fighters Ass'n, Local 1710,* 408 Mass. 1003, 1003-1004 (1990). *Hahn* v. *Planning Bd. of Stoughton,* 403 Mass. 332, 335 (1988). Greco had other routes by which he could have obtained review of the rulings that he now challenges in his petition. He either did not fully pursue, or did not pursue at all, those alternatives. Nor has he demonstrated why those alternatives would have been inadequate. See *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995) ("Parties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative").

First, Greco seeks review of the judgment and certain prejudgment rulings in the Boston Municipal Court action. He could have obtained that review, however, had he correctly pursued a report in accordance with Dist./Mun. Cts. R. Civ. P. 64, as then in effect. Although an attorney retained by Greco did request a report, there is nothing in the record indicating that Greco or his attorney took the additional steps needed under then-existing rule 64 to perfect the report and bring the matter before the Appellate Division of the District Court Department. See *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631-632 (1977) ("Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review").

Secondly, Greco seeks review of the Superior Court order approving an attachment. However, review of that order can be had in the ordinary course of an appeal following any judgment adverse to Greco in the Superior Court action. Greco also could have obtained review of the attachment order on an interlocutory basis from a single justice of the Appeals Court in accordance with G. L. c. 231, § 118, first par. (1994 ed.). Review under G. L. c. 211, § 3, does not lie where review under c. 231,

§ 118, would suffice. *Matthews* v. *D'Arcy*, 422 Mass. 1012 (1996). *Adams* v. *Cumberland Farms, Inc.*, 420 Mass. 807 (1995).

*Judgment of the single justice affirmed.*

*Frank A. Greco*, pro se.

*Robert E. Fierman* for the defendant.