*Betresadik Tessema*, pro se.


JACK SAADE *vs.* INSPECTIONAL SERVICES DEPARTMENT OF THE CITY OF BOSTON. November 30, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Jack Saade (petitioner) appeals pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the single justice's denial of a request for relief under G. L. c. 211, § 3, and from his denial of a request for reconsideration. We affirm.

The petitioner recites that he had sought a (temporary) "restraining order" from the Housing Court, in response to a "stop work order" issued by the city of Boston's inspectional services department. A Housing Court judge denied the petitioner's request, denied a motion to dismiss, and directed the petitioner to pursue his administrative remedies before returning to the court on the matter. A judge in that court later denied a motion for reconsideration, and, in March, 2000, denied another reconsideration motion, and stated the court would not take any further action until the board of appeal had rendered a decision. In May, the case was continued generally until the board issued a decision.

Although the docket entry is not clear, it appears that in December, 2000, an application for an injunction was denied, based on the availability of an adequate remedy — an appeal from the adverse decision of the board. The docket also contains this entry: "All proceedings stayed pending final judgment of Superior Court." On May 2, 2001, a Housing Court judge denied what the city characterizes as a request for reconsideration (not an evidentiary hearing).

The petitioner refers to that event (claiming he "repeatedly requested the Housing Court reconsider hearing the matter," and "The Housing Court finally heard this matter . . . and denied relief") in his petition for relief under G. L. c. 211, § 3. Yet, he does not help us to identify the nature of that denial.

---

As a result, it is not absolutely clear whether the May 2, 2001, denial of relief by the Housing Court judge is an interlocutory order. If we treat the order as interlocutory, a prerequisite to bringing an appeal under rule 2:21, we would then consider whether the petitioner has, as rule 2:21 (2) directs, "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal . . . or by other available means."

We conclude, in these unique circumstances, that the denial dated May 2, 2001, is an interlocutory order. We also decide that the petitioner has not met his burden under rule 2:21 (2). The petitioner argues to us, from the decision by the single justice, that if his building permit were "reinstated," he would not recover for the "lost opportunity" to use his property during the appeal process, and it would not provide relief from the Housing Court's alleged denial of his right to be heard. Nevertheless, he has not explained in his memorandum on appeal to us why other actions he had initiated in the Superior Court and in the Land Court might not provide relief that would be equivalent to review of the Housing Court's denial of relief, or why he might not be able to obtain review, in effect, by another order in the Housing Court. Of critical importance, moreover, is the petitioner's failure to address the availability of review under G. L. c. 231, § 118. The petitioner has not met his burden under rule 2:21 (2).[1]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

[1] If we determined that the May 2, 2001, order of the Housing Court is not interlocutory, and that S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), did not apply, we would permit the petitioner to pursue his appeal from the judgment of the single justice in the regular course. We note, however, that on the information before us, we would reach the same result. "Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited.

