DANIEL IAGATTA, THIRD *vs.* MICHELLE IAGATTA. March 12, 2007. *Supreme Judicial Court,* Appeal from order of single justice. *Probate Court,* Appeal.

The petitioner, Daniel Iagatta, appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3.

Pursuant to the terms of a judgment of divorce nisi between the parties, entered on July 7, 2006, the petitioner was responsible for bills associated with the former marital home, including payment of the mortgage. After learning thereafter that the petitioner had not kept the mortgage payments current, the respondent, Michelle Iagatta, filed a complaint for contempt in the Probate and Family Court. That court then issued, on August 18, 2006, an order stating that if the petitioner did not pay the arrears on the mortgage by August 22, 2006, the court would appoint a special master for purposes of selling the home.

Following the August 18 order, the petitioner petitioned a single justice of the Appeals Court for relief, pursuant to G. L. c. 231, § 118, first par., to no avail. He then filed his G. L. c. 211, § 3, petition in the county court, which the single justice denied without a hearing. This case is now before us purportedly pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The petitioner has already obtained review of the Probate and Family Court judge's ruling under G. L. c. 231, § 118, first par. See *Mirrione* v. *Jacobs*, 446 Mass. 1001, 1001 (2006). See also *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996).[1] Nothing in the petition under G. L. c. 211, § 3, requires relief beyond that.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Daniel Iagatta, III*, pro se.

---

[3]The defendant raised no challenge to retrial on the fireworks charge.

[1]Based on the papers provided, we are unable to determine whether the Probate and Family Court's August 18, 2006, "order" was intended as a final judgment of contempt. If it was, then the petitioner could have sought review of the order in a direct appeal to the Appeals Court. We would not, in that case, permit him to pursue his appeal from the judgment of the single justice.