NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11868

FRANK KOLL  vs.  RISA EDELSTEIN.


December 10, 2015.


Supreme Judicial Court, Appeal from order of single justice.
     Practice, Civil, Interlocutory appeal.


     The petitioner, Frank Koll (husband), appeals from a
judgment of a single justice of this court denying, without a
hearing, his petition pursuant to G. L. c. 211, § 3.  We affirm.

     In the course of what appear to be very contentious
divorce proceedings, the parties signed a stipulation that they
would sell the marital home.  After they were unable to agree on
the details, a judge in the Probate and Family Court appointed a
special master to sell the home as well as to oversee the
removal of personal property from it as necessary for purposes
of sale.  Shortly thereafter, the husband filed a petition with
a single justice of the Appeals Court pursuant to G. L. c. 231,
§ 118, first par., seeking relief from the order appointing the
special master and arguing that he is against the sale of the
marital home because he "maintains significant personal and
business equipment" there.  The Appeals Court justice summarily
denied the petition.  The husband then filed his G. L. c. 211,
§ 3, petition in the county court, pressing the same arguments.[1]

_____

     [1] Additionally, while the husband's appeal from the denial
of his G. L. c. 211, § 3, petition has been pending, he filed an
emergency motion to stay the sale of the marital home.  That
motion, which was referred to a second single justice, was also
summarily denied.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  The husband has not made, and cannot make, such a showing.  He has already sought interlocutory review of the trial judge's rulings under G. L. c. 231, § 118, first par., and has been denied relief by a single justice of the Appeals Court.  He is not entitled to any additional review at this juncture.  See Iagatta v. Iagatta, 448 Mass. 1016 (2007); Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996).  Furthermore, there is no reason why the husband cannot adequately obtain review of the judge's order in a direct appeal from a final divorce judgment.  He argues that selling the home will cause him irreparable harm because he relies on the home for both residential and commercial purposes.  We note, however, that he has vacated the marital home, has been living in a hotel, and has given no indication why, if that is not suitable, he cannot instead find a new, more permanent place to reside.  He also argues that because his irrigation and landscaping business is "headquartered" at the marital home, the sale of the home "equates to a potential loss of his entire business and only source of income," and would "have a conclusively ruinous effect on the business."  Again, however, he provides no explanation.  He does not, for example, indicate that he cannot relocate the business or why doing so would be a hardship.

Finally, we note that the husband agreed to the sale of the home when he signed the stipulation to that effect.  (He states that he did so unwillingly but provides no explanation.)  The stipulation provides that a certain portion of the net proceeds from the sale of the home will be advanced to each party and that the remainder will be held in escrow by the husband's counsel pending final resolution of the divorce.  The husband, in other words, will recognize his share of a financial benefit from the sale.

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Anthony J. Low & Anna Shapiro for the petitioner.