NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11780


     JUSTICE E. AINOOSON  vs.  DEPARTMENT OF CORRECTION.



                      May 5, 2016.



     Supreme Judicial Court, Superintendence of inferior courts.




     Justice E. Ainooson appeals from a judgment of the county
court denying, without a hearing, his petition for relief under
G. L. c. 211, § 3.  We affirm.

     In 2013, Ainooson commenced an action in the Superior Court
against a number of individual defendants.  After receiving
additional time to effect service, Ainooson filed a motion to
waive service or to deem the defendants served.  That motion was
allowed.  However, the judge vacated her allowance of the motion
after the defendants filed a motion for reconsideration.  A
different Superior Court judge subsequently ordered Ainooson to
make service by regular mail at his own expense, with no further
extensions to be allowed.  Ainooson's G. L. c. 211, § 3,
petition challenged these rulings.  After Ainooson filed his
petition, but before the single justice ruled on it, a judgment
entered in the Superior Court dismissing the complaint.
Ainooson timely filed a notice of appeal in the Superior Court.

     Ainooson's petition sought relief from one or more
interlocutory rulings of the trial court.  When he filed his
petition, his case in the Superior Court was still pending.  As
noted above, however, the case thereafter went to final
judgment.  Passing the question whether Ainooson was obligated
in these circumstances to file a memorandum and appendix
pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001),
it is clear on the record before us that he had adequate
alternative remedies, namely, a petition to a single justice of

the Appeals Court pursuant to G. L. c. 231, § 118, first par., at the time of the Superior Court rulings, see Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996), and a direct appeal to the Appeals Court from the final judgment of the Superior Court. Indeed, the record indicates that he is pursuing one of those remedies.[1] Accordingly, the single justice neither erred nor abused his discretion by denying extraordinary relief. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." E.g., Fennick v. Kittredge, 460 Mass. 1012 (2011), quoting Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Justice E. Ainooson, pro se.

---

[1] The Superior Court docket indicates that a notice of appeal was filed in November, 2014, about two weeks after the complaint was dismissed. However, it does not appear that the appeal has entered in the Appeals Court or that the record has been assembled, and there is no explanation for this in the record. Assuming Ainooson has fulfilled his obligations as an appellant, we expect that the record will be assembled forthwith and that the appeal will proceed in the ordinary course.