NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12153


     BAHIG BISHAY & others[1]  vs.  CLERK OF THE SUPERIOR COURT IN
                     NORFOLK COUNTY.



                     January 23, 2017.



Mandamus.  Clerk of Court.  Judgment, Implementing settlement
     agreement.  Practice, Civil, Action in nature of mandamus,
     Entry of judgment.


     Bahig Bishay commenced an action in the Superior Court,
bringing various claims against National Investigations, Inc.,
and its principals, Glenn Gillis and Garry Gillis (collectively,
National); Harvard 45 Associates, LLC, and its principals,
Harold Brown and Enrique Darer (collectively, Harvard); and
Allied Finance Adjusters Conference, Inc. (Allied), arising from
Bishay's eviction from his home.  More particularly, Bishay
sought damages on various theories for the removal and storage
of his personal property in the course of the eviction.
Allied's motion to dismiss the claims against it was allowed, as
was Harvard's motion for summary judgment as to both the claims
against it and a counterclaim it asserted against Bishay.
Bishay and National thereafter reported that they settled their
dispute, and they moved for entry of final judgment.  Harvard
and Allied opposed the motion, and a judge in the Superior Court
denied it.  Bishay again moved for entry of final judgment.
Harvard and Allied opposed that motion, and a different judge
denied it.  Bishay and National (collectively, petitioners)
jointly filed a petition in the county court seeking relief in
the nature of mandamus pursuant to G. L. c. 211, § 3, and G. L.
c. 249, § 4, specifically requesting that the clerk of the
Superior Court be ordered to enter final judgment as the

_____

     [1] National Investigations, Inc.; Glenn Gillis; and Garry
Gillis.

petitioners proposed.  Harvard moved to intervene and filed an opposition, joined by Allied, in which it argued that the proposed judgment was collusive and fictitious, adverse to the interests of Harvard and Allied, and contrary to the prior ruling on summary judgment.[2]  A single justice of this court denied relief without a hearing.  The petitioners appeal.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires the petitioners to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[3]  The petitioners have not done so.  They argue that requiring them to proceed to a jury trial would be wasteful in these circumstances, as they have in fact resolved their dispute.[4]  This argument is unavailing, as it "fails to address why the substantive error allegedly committed by the [Superior Court judges] cannot be remedied on appeal."  DiBiase v. DiBiase, 423 Mass. 1003, 1003 (1996).  Moreover, the petitioners had another remedy available to them, which their memorandum fails to mention:  they could have filed a petition for relief pursuant to G. L. c. 231, § 118, first par.  See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice").  The single justice neither erred nor abused her discretion by denying extraordinary relief.

Judgment affirmed.

---

[2] We express no view on the merits of this claim.

[3] The rule also provides that "[t]he appeal shall be presented . . . on the papers filed in the single justice session" and that the petitioners must file a record appendix.  S.J.C. Rule 2:21 (2).  The petitioners have not complied with this requirement.  This presents a further reason not to disturb the judgment of the single justice.

[4] The petitioners also argue that the Superior Court judges wrongly refused to enter final judgment and that Harvard and Allied lack standing to object to it.  These arguments go to the merits of the decision and not to the availability of an adequate alternative remedy.  They are thus beyond the scope of rule 2:21.

The case was submitted on papers filed, accompanied by a memorandum of law.

<u>Bahig F. Bishay</u>, pro se.

<u>Robert E. Kelley</u> for National Investigations, Inc., & others.