NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12309

LAUREN HODGES  vs.  MIKKEL THORUP.


August 18, 2017.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Lauren Hodges, appeals from a judgment of a
single justice of this court denying her petition pursuant to
G. L. c. 211, § 3.  We affirm.

As best we can discern from the record before us, the
dispute between the parties stems from the plan of the
respondent, Mikkel Thorup, to sell a home that he owns in
Shutesbury.  The petitioner had been residing in the home, off
and on, while the respondent resided overseas.  The respondent
notified the petitioner that he wanted to sell the property; had
a notice to vacate served on her; and eventually commenced a
summary process action in the Housing Court.  After a trial, a
judge found in favor of the respondent.  The petitioner
subsequently filed numerous posttrial motions, including a
motion for a new trial and a motion to vacate the judgment, all
of which were denied.  Meanwhile, the respondent filed a motion
for injunctive relief to preclude the petitioner from occupying
the premises, which was allowed.

It appears from the Housing Court docket that the
petitioner filed a timely notice of appeal from the judgment as
well as from at least some, if not all, of the denials of her
posttrial motions.  She also filed, in the county court, a
petition pursuant to G. L. c. 211, § 3.  In the petition, she
argued, among other things, that the Housing Court lacked
jurisdiction, and she asked the court to vacate the decision.
She also sought attorney's fees, although she has appeared pro

se throughout the proceedings.  The single justice denied the petition without a hearing.

The petitioner has now filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although it is not clear that she is challenging any interlocutory ruling of the trial court.  Regardless whether rule 2:21 applies, however, the petitioner has not demonstrated that she cannot otherwise obtain adequate appellate review.  She argues that the jurisdictional issue "must be examined," but there is no reason why it cannot be adequately addressed in her appeal from the judgment against her.  Relief under G. L. c. 211, § 3, is properly denied where, as here, there are other avenues by which the petitioner may adequately seek relief.  Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996), and cases cited.  Furthermore, as to the petitioner's argument that she cannot obtain adequate review of the allowance of the respondent's motion for injunctive relief because the "status quo cannot wait for appellate review," her remedy lies in the Appeals Court.  Indeed, she has already sought relief in that court from a single justice, in the form of a motion to stay, at the same time that she sought relief in this court, via her G. L. c. 211, § 3, petition.

In short, this case does not present a situation where extraordinary relief from this court is required, and the single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.[1]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Lauren Hodges, pro se.

---

[1] The single justice also denied the petitioner's motion to impound, which the petitioner filed alongside her G. L. c. 211, § 3, petition.  There was no error in the single justice's decision to deny impoundment, and to the extent that the petitioner seeks impoundment in this court, such request is also denied.