NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12567


SHAUNA ANDERSON  vs.  NIKOLAOS PANAGIOTOPOULOS & another.[1]



October 30, 2018.



Supreme Judicial Court, Superintendence of inferior courts.
        Indigent.  Moot Question.  Practice, Civil, Affidavit,
        Moot case.


     The petitioner, Shauna Anderson, appeals from an order of a
single justice of this court dismissing without prejudice her
petition pursuant to G. L. c. 211, § 3, for failure to pay the
filing fee or to file a proper affidavit of indigency.  We
affirm.

     Anderson was a tenant of the respondents, Nikolaos and
Anastasia Panagiotopoulos, and the defendant in a summary
process action brought by them against her in the Housing Court.
On the day scheduled for trial, she made, for the first time, a
late request for a jury trial, which was denied.  She then filed
a petition with a single justice of the Appeals Court pursuant
to G. L. c. 231, § 118, first par., seeking review of that
interlocutory ruling.  The single justice of the Appeals Court
denied the petition, as well as a subsequent motion for
reconsideration.

     Anderson thereafter petitioned a single justice of this
court for review pursuant to G. L. c. 211, § 3.  She also filed
an application to waive the entry fee in the county court, along
with an affidavit of indigency.  The single justice denied the
application for a fee waiver without prejudice, on the ground
that the affidavit of indigency was signed by Anderson's counsel

_____

        [1] Anastasia Panagiotopoulos.

rather than by Anderson, the applicant, herself. The order of the single justice stated that unless a properly executed affidavit, signed by Anderson, was filed within fourteen days, or the fee was paid, her petition would be dismissed. Anderson did neither, and so the petition was eventually dismissed. The order of dismissal expressly stated that the petition was being dismissed without prejudice.

The summary process action went forward in the Housing Court, and a final judgment for possession was eventually entered for the Panagiatopouloses, against Anderson. Anderson filed a motion in the Housing Court to stay the execution, which was denied. It appears from our review of the Housing Court docket that she has since been evicted.

It also appears from the Housing Court docket that Anderson never appealed from the final judgment of the Housing Court. Instead, after that judgment was entered, she filed a late notice of appeal from the order of dismissal by the single justice in the county court, with a motion for leave to pursue that appeal late, arguing that the single justice's dismissal of her G. L. c. 211, § 3, petition violated her due process right of access to the courts. The single justice allowed the motion to file a late notice of appeal. The appeal from the single justice's order, dismissing her petition without prejudice, is thus the sole matter currently before us.

Anderson has filed a memorandum with this court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Based on her memorandum, we affirm the dismissal of the G. L. c. 211, § 3, petition for at least three reasons.

First, the petition has become moot because the underlying case proceeded to a final judgment in the Housing Court, and the eviction has occurred. See Rasten v. Northeastern Univ., 432 Mass. 1003 (2000), cert. denied, 531 U.S. 991 (2001).

Second, the single justice did not err or abuse his discretion in dismissing the petition for failure to execute a proper affidavit of indigency, nor did he infringe on the petitioner's right of access to the courts in doing so. To qualify for a fee waiver, an applicant is required to submit an affidavit of indigency "sworn to under oath by the affiant."

G. L. c. 261, § 27B.  The language of the preprinted affidavit form (and the supplement to the affidavit, where applicable) envisions that the affidavit will be signed by the fee waiver applicant, under the penalties of perjury, based on his or her first-hand knowledge.  He or she avers facts regarding his or her personal financial circumstances.  It is an affidavit to be signed by a party, not a pleading to be signed by the party's counsel.[2]

Third, even if we were to consider the underlying merits of Anderson's petition, i.e., her challenge to the denial of her request for a jury trial, she would fare no better.  She is unable to demonstrate the unavailability of adequate alternative means of obtaining appellate review.  See S.J.C. Rule 2:21.  She has already sought interlocutory review of the ruling in question under G. L. c. 231, § 118, first par., and has been denied relief by a single justice of the Appeals Court.  She was not entitled as of right to additional interlocutory review of that ruling pursuant to G. L. c. 211, § 3.  See Iagatta v. Iagatta, 448 Mass. 1016 (2007); Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice").[3]  Moreover, there is a statutory right to appeal from a final judgment of the Housing Court in a summary process action, see

---

[2] To be clear, the petitioner's failure to file a properly signed affidavit in the first instance was not fatal.  The single justice did not immediately dismiss her petition.  He indicated in his first order what needed to be done to correct the situation and gave the petitioner and her counsel fourteen days to make what would have been a simple correction.  More than a month later, nothing further having been filed, the single justice then dismissed the petition without prejudice.  Because the order of dismissal was without prejudice, the petitioner could have refiled her petition at any time, accompanied by a properly signed affidavit.  Instead, she waited three months after the single justice's initial order, and nearly two months after the final order of dismissal, to claim this appeal.  In short, the petitioner and her counsel could easily have avoided the misfortune of having her petition dismissed and the time and expense of this appeal.

[3] Anderson's petition pursuant to G. L. c. 211, § 3, after a single justice of the Appeals Court had already denied her petition pursuant to G. L. c. 231, § 118, first par., was in its essence a second attempt to obtain review of the challenged interlocutory ruling of the trial court.

G. L. c. 239, § 5, which she apparently did not pursue.  She could have appealed from the Housing Court judgment, in which case the judgment of eviction would have been automatically stayed pending appeal, see Rule 13 of the Uniform Summary Process Rules, and could have argued to the appellate court that she was erroneously deprived of a jury trial.

<u>Order of dismissal affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Ilya Liviz</u> for the petitioner.