NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12123

TERRY ANN SELDON CALHOUN  vs.  BOYD/SMITH, INC.

November 15, 2018.

Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Appeal, Bond.

     The petitioner, Terry Ann Seldon Calhoun, appeals from a judgment of a single justice of this court denying, without a hearing, her petition for extraordinary relief under G. L. c. 211, § 3.  Calhoun sought relief from an order of a judge in the Housing Court setting an appeal bond in connection with an appeal from a summary process judgment.  We affirm.

     The single justice properly denied relief, as Calhoun had one or more adequate alternative remedies.  See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996) (relief properly denied under G. L. c. 211, § 3, "where there are [other] adequate and effective routes . . . by which the petitioning party may seek relief").  Indeed, she had pursued one such remedy, a request for review of the bond order by a single justice of the Appeals Court pursuant to G. L. c. 239, § 5 (f).  "The proper course for her to have followed, if she wished to further challenge the bond, was to refuse to pay the bond, suffer the dismissal of her summary process appeal, and then appeal to the Appeals Court (on the limited bond issue) from the order of dismissal."[1]  Matter of an Appeal Bond (No. 1), 428 Mass. 1013, 1013 (1998).  See Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1021 (2018).  "To the extent [she] sought review of the underlying summary process proceeding itself or restoration

_____

     [1] The petitioner did not allege that she is indigent or seek a waiver of the appeal bond on that ground.  See G. L. c. 239, § 5.

of [her] use and occupancy of the premises, [she] could have posted the appeal bond in a timely manner and prosecuted an appeal from the summary process judgment in the ordinary appellate process."[2]  <u>Wallace</u>, <u>supra</u>.

<u>Judgment affirmed</u>.


<u>Terry Ann Seldon Calhoun</u>, pro se.
<u>Daniel A. Bancroft</u> for the respondent.

---

[2] The respondent, Boyd/Smith, Inc., argues in its brief that it is "unable to respond to or anticipate [the petitioner's] arguments" on appeal because the petitioner did not file a brief in accordance with the Massachusetts Rules of Appellate Procedure.  Instead, the petitioner filed a motion to treat an accumulation of over ten prior, individual filings as her appellate brief.  According to the respondent, the petitioner never served a number of these filings on the respondent.  In light of our disposition of this appeal, we need not address these issues.