NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12334


RICARDO BARBOSA  vs.  COMMONWEALTH (NO. 2).


December 14, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Appeal.  Habitual Offender.


     The petitioner, Ricardo Barbosa, was convicted by a
Superior Court jury of rape, pursuant to G. L. c. 265, § 22 (b),
and, in a separate proceeding, of being a habitual offender
pursuant to G. L. c. 279, § 25 (b).  Shortly after he was
convicted, he filed, in the county court, both a petition
pursuant to G. L. c. 211, § 3, and an application for "direct
appellate review" purportedly under G. L. c. 278, § 33E.  In
both the petition and the application, Barbosa raised issues
related to the habitual offender conviction.  He argues, for
example and among other things, that he has not been "convicted
[two] times previously" of any of the crimes enumerated in the
statute and that, more generally, the statute imposes unfair and
unconstitutional sentencing requirements.  A single justice
denied both the petition and the application without a hearing,
and Barbosa appeals.[1]

_____

     [1] In September 2016, during the course of the trial court
proceedings but before the trial itself, Barbosa attempted to
file in the county court another petition pursuant to G. L.
c. 211, § 3, in which he asked the court to dismiss the
indictments against him on the basis of pretrial delay.  Because
Barbosa failed to tender the filing fee or an affidavit of
indigency, that petition was returned to him without being
entered (i.e., the petition was not docketed and no case was
opened).  Although it is not entirely clear from the record
before us, it appears that when Barbosa filed the G. L. c. 211,
§ 3, petition, and the G. L. c. 278, § 33E, application that are

Neither the petition nor the application is the proper means for Barbosa to get the review that he seeks of his conviction. As to the G. L. c. 211, § 3, petition, the issues raised are ones for which Barbosa has an adequate alternative remedy -- he can raise them in a direct appeal. "Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief." Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).

As to the G. L. c. 278, § 33E, application, as best we can discern from his materials it appears that Barbosa filed the application in the county court because he interprets that statute, as amended in 2012, see St. 2012, c. 192, §§ 43, 44, to require appeals from habitual offender convictions pursuant to G. L. c. 279, § 25 (b), to be entered directly in this court and heard by this court in the first instance. Even if that were correct -- and we express no view on whether it is, as further explained below -- the process for the direct appeal is not through an application with the single justice, but rather through the eventual entry of the appeal directly in the full court once the record has been assembled in the trial court. The single justice, therefore, did not err in denying both the petition and the application.

Having said this, we recognize that there is an open question whether a direct appeal from a conviction pursuant to G. L. c. 279, § 25 (b), should be entered in the Appeals Court or in the Supreme Judicial Court in the first instance. That particular question is not before us in this case, but rather is a question to be decided in Barbosa's direct appeal. As to that appeal, the trial court docket indicates that he has already filed timely notices of appeal in the trial court,[2] and the record for that appeal is in the process of being assembled by the trial court clerk. In order to avoid any further confusion,

---

currently before us, he also included the petition that he had previously attempted to file in September 2016. To the extent that the issues raised in that petition were meant to be a part of the current petition, those issues, which relate to a delay in the trial court proceedings, are now moot, Barbosa having been tried and convicted.

[2] In addition to filing a timely notice of appeal from the convictions, Barbosa also filed a motion for a new trial, which was denied, and a timely notice of appeal from that denial.

and without prejudging the answer to the question, we direct the clerk of this court to inform the trial court clerk that, once the record in Barbosa's direct appeal is assembled, notice of the assembly, the docket entries, and the transcript are to be transmitted directly to this court, and the case shall be entered directly here.  We will therein consider -- in addition to the substantive legal issues raised by Barbosa as to his convictions -- the procedural question whether, in future cases, direct appeals from habitual offender convictions pursuant to G. L. c. 279, § 25 (b), must be entered directly in this court or whether, instead, such appeals shall be entered in the Appeals Court in the first instance.  See G. L. c. 211A, § 10 (giving Appeals Court concurrent jurisdiction over all criminal appeals except appeals from convictions of murder in the first degree).

The judgment of the single justice denying Barbosa's G. L. c. 211, § 3, petition, and his G. L. c. 278, § 33E, application is affirmed.

So ordered.


Ricardo Barbosa, pro se.
Michael McGee, Assistant District Attorney, for the Commonwealth.