NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13385

CARE AND PROTECTION OF A MINOR.


April 14, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, the father of a child who was the subject of a care and protection petition in the Juvenile Court, appeals from a judgment of a single justice of this court dismissing as moot his petition pursuant to G. L. c. 211, § 3.  We affirm.

The Department of Children and Families filed a care and protection petition pursuant to G. L. c. 119, § 24, in September 2022, after the child tested positive at birth for several drugs.  Temporary custody was granted to the father shortly thereafter.  The father and mother, who are not married, currently reside together, and the order of temporary custody included several conditions, including that the mother not reside with the father and child, and that the father ensure that the mother is not under the influence of any substance while visiting with the child.  The father subsequently filed a motion to dismiss the petition for temporary custody, essentially on the basis that there had been, and was, no need for judicial intervention.  In his view, the department's filing a care and protection petition was "inappropriate" because there were no protective concerns about the father.  More specifically, he argued that the petition did not meet the requirements of G. L. c. 119, § 24, because the child has a lawful parent -- the father -- who is fit, ready and willing to care for the child.  After a hearing, a judge in the Juvenile Court maintained the temporary custody order and denied the motion to dismiss without prejudice.

The father then filed a petition pursuant to G. L. c. 231, § 118, first par., with a single justice of the Appeals Court. The single justice denied the petition, declining to exercise her discretion to report the judge's order denying the motion to dismiss to a panel of the Appeals Court. The father's G. L. c. 211, § 3, petition in the county court followed. While the petition was pending there, the care and protection case was dismissed in the Juvenile Court, in December 2022. On that basis, the single justice dismissed the G. L. c. 211, § 3, petition as moot.

The father now appeals from that dismissal. He recognizes that the case is moot, but he argues that it raises an important issue regarding the construction of G. L. c. 119, § 24, that is capable of repetition yet evading review. It is certainly true that "this court (and its single justices) can, as a matter of discretion, decide issues that are moot when they are capable of repetition yet evading review." Vazquez v. Superintendent, Mass. Correctional Inst., Norfolk, 484 Mass. 1058, 1058 (2020), citing Lockhart v. Attorney Gen., 390 Mass. 780, 782-783 (1984). In this case, the single justice exercised her discretion not to do so. Where the issue became moot while the father's G. L. c. 211, § 3, petition was pending before the single justice, "the only issue that is before us [in the father's appeal] . . . is whether the single justice abused her discretion in dismissing the petition on the basis that it was moot and in choosing not to decide the issues." Vazquez, supra. This is not, in other words, a case where the single justice decided the issue, the case became moot while an appeal from that decision was pending in the full court, and the father is asking that the full court exercise its discretion to consider the appeal notwithstanding the fact that it is moot. See id. at 1058-1059. We find no abuse of discretion.[1]

Judgment affirmed.

---

[1] We note as well that the father had, and pursued, an adequate alternative remedy -- filing a petition pursuant to G. L. c. 231, § 118, first par., with a single justice of the Appeals Court. That he did not receive the relief he sought does not render that avenue for relief inadequate; nor does it entitle the father to pursue additional relief pursuant to G. L. c. 211, § 3. See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice").

The case was submitted on the papers filed, accompanied by a memorandum of law.

Cara M. Cheyette for the petitioner.

James Petersen for the Department of Children and Families.