NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13501

JACK SAADE  vs.  BRUCE EFRON & another.[1]

January 26, 2024.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Jack Saade, appeals from the judgment of a single justice of this court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3, as well as the denial of his related motion to reconsider.  We affirm the judgment and order of the single justice.

Before the single justice, pursuant to G. L. c. 211, § 3, Saade challenged a series of interlocutory orders in a pending Superior Court case.  On July 28, 2023, the single justice denied Saade's petition, finding that Saade failed to demonstrate the absence of adequate and effective alternative relief, and further, that the petition did not present the type of exceptional circumstances requiring the exercise of the court's extraordinary power of general superintendence.  A motion to reconsider this ruling was denied on September 12, 2023.

Saade's appeal from these decisions is subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which applies where, as here, "a single justice denies relief from a challenged interlocutory ruling in the trial court."  Rule 2:21 expressly requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  This same standard applied to

---

[1] BEE Investments.

Saade's petition to the single justice. See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).

Saade could not and cannot meet this standard because he was able to appeal interlocutory orders pursuant to G. L. c. 231, § 118, to a single justice of the Appeals Court. See Greco, 423 Mass. at 1019-1020 ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice"). Indeed, he availed himself of G. L. c. 231, § 118, in this case to appeal one of the very orders at issue. Furthermore, the Superior Court case has not yet concluded, and adequate and effective relief will be available to Saade in the ordinary appellate process. See Greco, supra at 1019.

We conclude that the single justice neither erred nor abused her discretion in denying relief, and we resolve this appeal by affirming her judgment and order.[2]

Judgment affirmed.

Order denying motion to reconsider affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Jack Saade, pro se.

---

[2] Saade's request for a hearing is denied, as are his motions for injunctive relief.