NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13483

KATHLEEN TRAHAN  vs.  STANLEY T. PELCZAR.

February 26, 2024.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Kathleen Trahan, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3.  We affirm.

In March 2023, Trahan filed, in the Superior Court, a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (1) and (6), 365 Mass. 828 (1974), in this long-running breach of contract dispute.  A judge denied the motion.  Trahan then sought relief from that judgment by filing a G. L. c. 211, § 3, petition in the county court.  A single justice denied the petition on the basis that Trahan had an adequate alternative remedy, i.e., in the normal appellate course.  Trahan next filed, in the Appeals Court, a petition pursuant to G. L. c. 231, § 118, first par.  A single justice in that court dismissed the petition on the basis that Trahan was not seeking review of an interlocutory ruling.  Rather, she was seeking relief from the denial of her rule 60 (b) motion, and, therefore, G. L. c. 231, § 118, did not apply.[1]  Trahan then returned to the county court, where she filed a "renewed" G. L. c. 211, § 3, petition.  A different single justice denied the petition.

In her appeal to this court, Trahan argues that the "normal

_____

[1] The Appeals Court single justice also noted that the petition filed pursuant to G. L. c. 231, § 118, first par., was untimely.

course appellate proceedings" will not provide relief.  She states that the respondent has ignored, and continues to ignore, certain payment obligations to her, and that if she had pursued an appeal from the denial of her rule 60 (b) motion in the Appeals Court -- that is, if she had proceeded in the normal appellate course -- the respondent would simply have used that time to "further ignore" his payment obligations.  That is not a basis for relief pursuant to G. L. c. 211, § 3.  Similarly, Trahan's dissatisfaction with certain lower court rulings and "judicial errors" does not entitle her to relief pursuant G. L. c. 211, § 3.  As both single justices of this court and the single justice of the Appeals Court have indicated, Trahan's remedy was to appeal from the denial of her rule 60 (b) motion.[2]  That she did not do so because she believed that pursuing such an appeal would not lead to the relief she seeks -- whether because she thought it would take too long or otherwise -- does not render that relief inadequate.  See, e.g., Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996) ("Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief").

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.


The case was submitted on briefs.
Steven E. Kramer for the petitioner.
Ronald W. Dunbar, Jr., & Jaffar Bari Shiek for the respondent.

---

[2] Additionally, if the petitioner was dissatisfied with other trial court rulings, prior to the denial of the most recent motion pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), there appears to be no reason why she could not have sought relief from those rulings in the normal course.  Indeed, she did just that as to at least some trial court rulings.  See Trahan v. Pelczar, 101 Mass. App. Ct. 1116 (2022) (affirming denial of Trahan's motion to amend her complaint and denial of her motion to reconsider award of attorney's fees).