NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13866

IN THE MATTER OF AN IMPOUNDED CASE.


March 19, 2026.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Civil, Care and protection proceeding.



        The petitioner appeals from a judgment of a single justice
of this court denying his petition for relief under G. L.
c. 211, § 3, relating to a care and protection proceeding in the
Juvenile Court.  A judge in that court issued a temporary order
placing the petitioner's child in the custody of the Department
of Children and Families.  In his G. L. c. 211, § 3, petition,
the petitioner sought immediate review of that order by this
court and immediate assembly and transmittal of the record.  In
addition, the petitioner contended that the Juvenile Court judge
must recuse herself.  The single justice denied relief on the
ground that the petitioner had an adequate alternative remedy
available to him in the Appeals Court.  We affirm.

        The case is before us pursuant to S.J.C. Rule 2:21 (2), as
amended, 434 Mass. 1301 (2001), which requires the petitioner to
"set forth the reasons why review of the trial court decision
cannot adequately be obtained on appeal from any final adverse
judgment in the trial court or by other available means."  The
petitioner has not made this showing.  The petitioner can raise
his claims, including his claim that the judge was obligated to
recuse herself, on appeal from a final judgment.  See, e.g.,
Adoption of Norbert, 83 Mass. App. Ct. 542, 545-546 (2013);
Parenteau v. Jacobson, 32 Mass. App. Ct. 97, 103-104 (1992).  In
addition, the petitioner could have sought immediate relief from
any interlocutory ruling of the Juvenile Court under G. L.
c. 231, § 118, first par.  See Care & Protection of Rashida, 488

Mass. 217, 224-236 (2021) (reviewing questions reported by
Appeals Court single justice on petition under G. L. c. 231,
§ 118).  See also Saade v. Efron, 493 Mass. 1028, 1029 (2024),
quoting Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020
(1996) ("Review under G. L. c. 211, § 3, does not lie where
review under c. 231, § 118, would suffice").  The fact that the
petitioner did not timely file a petition for such relief does
not mean that it was an inadequate means of obtaining review.
See Tran v. Liberty Mut. Group, Inc., 490 Mass. 1001, 1001
(2022).  The single justice neither abused his discretion nor
committed any other error of law by denying relief under G. L.
c. 211, § 3.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by
a memorandum of law.
The petitioner, pro se.