NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13892


KELVIN NOVA LIRIANO  vs.  SUPERIOR COURT IN SUFFOLK COUNTY.


June 3, 2026.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Kelvin Liriano, appeals from a judgment of
the county court denying his petition for relief under G. L.
c. 211, § 3.  We affirm.

Liriano's petition arises out of a civil action that he
commenced in the Superior Court.  In those proceedings, Liriano
has alleged that he was erroneously named as the defendant in a
criminal complaint issued in 2017, which concerned the arrest of
another individual.  He further alleges that this resulted in
the creation of an erroneous criminal record that caused him
reputational and other harm in the years that followed.  After
commencing the underlying suit, Liriano filed a motion
requesting that a former clerk-magistrate of the Brighton
Division of the Boston Municipal Court Department be joined as a
party, pursuant to Mass. R. Civ. P. 19, 365 Mass. 765 (1974),
and Mass. R. Civ. P. 20, 365 Mass. 766 (1974).  In his motion,
Liriano asserted that the former clerk-magistrate negligently
failed to correct the aforementioned error, and that "claims
against [the former clerk-magistrate] arise out of the same
series of transactions and share common questions of law and
fact with those already [pleaded]."

A judge in the Superior Court denied the motion, observing
that Liriano effectively sought leave to amend the underlying
complaint to add claims against an additional defendant.  The
judge concluded that any such amendment would be futile given
that the allegations concerning the former clerk-magistrate
arose from his performance of core judicial functions and

therefore fell within the scope of the doctrine of quasi-judicial immunity.  See LaLonde v. Eissner, 405 Mass. 207, 210 (1989) ("The doctrine of absolute judicial immunity which first arose under the common law has been extended to persons, other than judges, performing judicial or quasi judicial functions").  See also Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 572 (2004) (affirming denial of motion to amend where allegations in proposed amended complaint "would have been futilely raised, in that they would not have survived a motion to dismiss").  The judge further concluded that Liriano's proposed claims against the former clerk-magistrate would also be barred under the Massachusetts Tort Claims Act, G. L. c. 258.

Thereafter, Liriano filed a petition seeking interlocutory relief in the Appeals Court, pursuant to G. L. c. 231, § 118, first par. (§ 118 petition).  A single justice of the Appeals Court denied the petition, concluding that Liriano had not demonstrated that he was entitled to relief, as the futility of the motion was "particularly apparent" where Liriano sought to add "a clerk-magistrate who enjoys quasi-judicial immunity."  Liriano then filed the instant petition seeking relief in the county court, pursuant to G. L. c. 211, § 3.  A single justice of this court denied the petition on the basis that G. L. c. 211, § 3, was not an avenue of appellate relief from an adverse ruling by a single justice of the Appeals Court on a § 118 petition.  This appeal followed.

This matter is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant to demonstrate that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Liriano maintains that he has no adequate alternative remedy because the denial of his motion for joinder has served to deprive him of the opportunity to litigate whether quasi-judicial immunity should apply in the specific circumstances of this case.  To the contrary, Liriano argued that the former clerk-magistrate was not entitled to such immunity in his § 118 petition, and it is apparent that the argument was considered and rejected by the Appeals Court single justice.  Liriano "was not entitled as of right to additional interlocutory review of that ruling pursuant to G. L. c. 211, § 3."  Anderson v. Panagiotopoulos, 480 Mass. 1031, 1032 (2018).  See Montanez v. Flahive, 484 Mass. 1009, 1009-1010 (2020) ("G. L. c. 211, § 3, does not provide a second opportunity as a matter of right for interlocutory relief, irrespective of whether it is couched as review of the adequacy of the order denying the G. L. c. 231, § 118, petition or as

review of the underlying Superior Court orders" [quotations and citation omitted]).  Rather, Liriano may appeal this issue along with any others following entry of final judgment.  Accordingly, the single justice did not commit a clear error of law or otherwise abuse her discretion in denying relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Kelvin Nova Liriano, pro se.